[Civil No. 621.   Filed June 11, 1898.]

[53 Pac. 583.]

A. L. JOHNS et al., Defendants and Plaintiffs in Error, v. JAMES WILSON, Plaintiff and Defendant in Error.

1. MORTGAGES—FORECLOSURE — CODE PRACTICE — PARTIES DEFENDANT— GRANTEES ASSUMING DEBT — DEFICIENCY JUDGMENT. — Under the code practice, where no distinction exists between actions at law and suits in equity, a mortgagee may, in a foreclosure suit, join as a party defendant a grantee of his mortgagor who has assumed the payment of the debt, and recover a deficiency judgment as against him.

2. SAME—SAME—SUPPLEMENTAL FORECLOSURE—FRAUDULENT CONCEALMENT OF INTEREST OF DEFENDANT.—The right to a supplemental foreclosure as to the interest of a party whose title was fraudulently concealed by defendants from plaintiff until after the former suit was commenced is undoubted.

3. SAME—SAME—SAME—SAME—MISTAKE OF LAW—TO PRECLUDE RELIEF FACTS MUST BE KNOWN—FRAUD.—The doctrine that where the plaintiff has made a mistake of law the court has no jurisdiction to grant relief has reference to cases where the facts are known and no fraud or deceit has been practiced. Where the defendants fraudulently induced a mortgagee to omit a necessary party defendant by fraudulently concealing his interest in the property until after the foreclosure suit was commenced, he is entitled to relief by a supplemental foreclosure.

4. SAME—SAME—VOID DEED CONTAINING ASSUMPTION OF DEBT—PERSONAL JUDGMENT FOR DEFICIENCY AS AGAINST GRANTEE—ERROR.— Where a deed conveying mortgaged property and containing a covenant by the grantee to assume and pay the mortgaged indebtedness is adjudged fraudulent and void, it is error to enter a personal judgment against such grantee for the deficiency.

AFFIRMED.   180 U. S. 440, 45 L. Ed. 613, 21 Sup. Ct. 445.

ERROR to the District Court of the Third Judicial District in and for the County of Maricopa.  A. C. Baker, Judge. Reversed.

The facts are stated in the opinion.

A. J. Daggs, for Plaintiffs in Error.

The supreme court of the United States has held that a mortgagee could not maintain an action against a grantee of his mortgagor who assumes and agrees to pay by deed, be-

cause there was no "privity of contract"; and before he can proceed against such grantee of his mortgagor it must be alleged and proved that his remedy against his mortgagor has been exhausted. *Keller* v. *Ashford,* 133 U. S. 610, 10 Sup. Ct. 494, 33 L. Ed. 667; *National Bank* v. *Grand Lodge,* 98 U. S. 123, 25 L. Ed. 75.

In the case of *Union Mutual Life Ins. Co.* v. *Hanford,* 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118, the question was again before the supreme court whether a mortgagee could sue a grantee of his mortgagor, and Justice Gray said: "By the settled law of this court, the grantee is not directly liable to the mortgagee either at law or in equity, and the only remedy of the mortgagee against the grantee is by a bill in equity in the right of the mortgagor, and by virtue of the right in equity of a creditor to avail himself of any property which his debtor holds from a third person for the payment of the debt."

A grantee who assumes the debt of his mortgagor does not become the principal debtor, except by agreement with the mortgagee, as was held in *Shepherd* v. *May,* 115 U. S. 505, 6 Sup. Ct. 119, 29 L. Ed. 456. "Privity of contract" must be shown. Story on Equity Pleading, 262-324; Bliss on Code Pleading, sec. 234; *Biddell* v. *Brizzolar,* 64 Cal. 354, 30 Pac. 609; *Waring* v. *Ward,* 7 Ves. Jr. 332; *Oxford* v. *Rodney,* 14 Ves. Jr. 417; *Woods* v. *Huntington,* 3 Ves. Jr. 128.

Having made a mistake as to the effect of his decree, which is a mistake of law, a court of equity has no power to grant relief. *Goodnow* v. *Ewer,* 16 Cal. 461, 76 Am. Dec. 540; *Boggs* v. *Hargrave,* 16 Cal. 366; *Kenyon* v. *Welty,* 20 Cal. 641. And in the case of *Bank of United States* v. *Daniel,* 12 Pet. 32, 9 L. Ed. 989, it is said, so far as the courts of the United States are concerned, the question may be deemed definitely at rest, "that a court of equity cannot grant relief against a mistake of law."

"It may be safely affirmed upon the highest authority as a well-established doctrine that a naked mistake of law unattended with any special circumstances (such as misplaced confidence, misrepresentation, or undue influence) will furnish no ground for the interposition of a court of equity; and the present disposition of courts of equity is to narrow rather than enlarge the operation of exceptions." Story's Equity,

sec. 138; *Snell* v. *Atlantic etc. Co.,* 98 U. S. 85, 25 L. Ed. 52; *Bank of United States* v. *Daniel,* 12 Pet. 32, 9 L. Ed. 989.

Thomas Armstrong, Jr., for Defendant in Error.

As to the right of plaintiff to maintain an action against the grantee of the mortgagor, he having assumed and agreed to pay the mortgage, the authorities cited by plaintiffs in error fully sustain plaintiff's right instead of denying it.

The plaintiff's former judgment against R. E. Daggs was merely a foreclosure of his interest in the mortgaged premises. In this action he is sought to be held as a guarantor of the payment of the debt as a purchaser who had assumed it.

"Proceedings in the nature of a suit to foreclose an equity of redemption held by a subsequent encumbrancer may undoubtedly be maintained by a purchaser under a decree where the encumbrancer was not made a party to the original suit to enforce the mortgage." *Goodenow* v. *Ewer,* 16 Cal. 468, 76 Am. Dec. 540. The case of *Boggs* v. *Hargrave,* 16 Cal. 559, 76 Am. Dec. 561, was one where a purchaser at a foreclosure sale sued to recover back the amount paid by him at the sale from the judgment creditor, and there was no prayer to set aside the sale, which is one of the essentials of this action.

"Parties will be relieved from a mistake of law as well as of fact." *Remington* v. *Higgens,* 54 Cal. 620.

While a mere naked mistake of law might alone furnish no ground for relief, yet there are exceptions, and many of them, where peculiar circumstances taken in connection with the mistake authorize the court to grant relief, and in the very case cited by plaintiff in error (*Snell* v. *Atlantic Ins. Co.,* 98 U. S. 85, 25 L. Ed. 52) such relief was granted. In that case the true rule is stated: "We trust the principle that cases may and do occur where courts of equity feel compelled to grant relief upon the mere ground of misapprehension of a clear rule of law is yet destined to afford the basis of many wise and just decrees without infringing on the rule that mistake of law is presumptively no sufficient ground for equitable interference."

DOAN, J.—On the twenty-fourth day of April, 1893, one John S. Armstrong executed a mortgage on certain real es-

tate to James Wilson, to secure the payment of two notes therein described, each for $3,250 and interest. Afterwards, on the eighteenth day of December, 1893, the said Armstrong sold the premises thus mortgaged to one R. E. Daggs, and conveyed the same by a deed of conveyance, in which the said defendant R. E. Daggs agreed and bound himself, his heirs, executors, and assigns, to pay or cause to be paid to the said Wilson the aforesaid notes and mortgage, under which sale and transfer the said R. E. Daggs entered into the possession of the premises by one W. A. Daggs as his tenant. On the twenty-sixth day of April, 1894, default having been made in the payment of the notes thus secured by the mortgage referred to, the said Wilson commenced an action in the district court of Maricopa County against the said Armstrong and R. E. Daggs for the recovery of the amount due upon the notes and for the foreclosure of the mortgage upon the premises aforesaid, and on the same date filed a *lis pendens* in the office of the recorder of said county. At this time the defendant W. A. Daggs was in possession of the premises, supposedly as the tenant of R. E. Daggs, in whom, so far as disclosed by the record, the title then appeared to be. After personal service upon defendants R. E. Daggs and J. S. Armstrong, and default made and entered therein, said action proceeded to judgment in the said district court on the eighth day of May, 1894, against defendants J. S. Armstrong and R. E. Daggs for the full amount due, with costs, and for the foreclosure of the mortgage. Thereafter, on the sixth day of June, 1894, the property was sold by the sheriff of Maricopa County under execution and order of sale issued upon the said judgment, and was bid in by the plaintiff for the full amount of his judgment. Thereafter, and on the twelfth day of December, 1894, the sheriff of said county, there having been no redemption, executed a deed conveying or purporting to convey the premises aforesaid to the plaintiff by virtue of said foreclosure sale; and thereafter, upon a demand for possession of the premises by the purchaser under said sheriff's deed, the aforesaid W. A. Daggs was found in possession, and refused to surrender the same, and claimed to hold possession thereof as the tenant of one A. L. Johns, and has from that time to the present continued to hold and keep said premises and property as such tenant of A. L. Johns, to the total ex-

clusion of the plaintiff, Wilson. The record further discloses that on the twenty-eighth day of April, 1894, after the summons had been served upon the said R. E. Daggs and the *lis pendens* had been filed in the action aforesaid, a deed had been placed on record transferring the property in question from R. E. Daggs to one A. L. Johns, of Chicago, and on the demand for possession as aforesaid it was claimed by the defendant W. A. Daggs that on the first day of April, 1894, he ceased to be the tenant of R. E. Daggs, and thereupon became the tenant of the said A. L. Johns, and took possession of said property for said Johns at that time, and held possession from that time forward as the tenant of the said A. L. Johns, and not as the tenant of the said R. E. Daggs. Thereafter, on the twenty-second day of June, 1895, the plaintiff, James Wilson, filed his complaint in the said court in the nature of a bill in equity, setting up the facts aforesaid and alleging that at the time he commenced the action for the foreclosure of the mortgage the said J. S. Armstrong and R. E. Daggs were the only persons known to the plaintiff to be liable upon said notes or to have any interest whatever in said mortgaged property, and alleging that the said defendants R. E. Daggs and A. J. Daggs, conspiring together to hinder and obstruct the plaintiff in the collection of his said mortgage debt, did procure the said deed of conveyance of said property from the said R. E. Daggs to the said A. L. Johns for the sole purpose of hindering, delaying, and obstructing him in the collection of the said mortgage debt; that said pretended deed of conveyance, though dated on the seventeenth day of March, 1894, was withheld from the record until the twenty-eighth day of April, 1894, after the summons in said action upon the defendants Armstrong and R. E. Daggs had been served, after the said *lis pendens* had been filed for such purpose of delaying and defrauding the said plaintiff; that in said deed to A. L. Johns aforesaid said A. L. Johns expressly agreed and bound himself to pay this plaintiff's mortgage debt as aforesaid; that the plaintiff was not advised by the said W. A. Daggs of his surrender of the premises as the tenant of R. E. Daggs, or of the taking possession of the said premises by the said W. A. Daggs as the tenant of the said A. L. Johns, but that such abandonment and release of said property, or such asserting and taking pos-

Arizona 6—9

session thereof, if done at all, was done secretly, without any notice whatever to the plaintiff herein, with intent to deceive this plaintiff into the belief that the said R. E. Daggs was the owner of the said premises, and possessed thereof by the said W. A. Daggs as his tenant; and that the plaintiff, on account of said secret transfer of possession, if any was made, was so deceived, as above alleged the defendant intended him to be, and that said action therefore proceeded to judgment without his joining or making the said A. L. Johns and W. A. Daggs defendants therein; that the plaintiff had no knowledge or information whatsoever when he commenced his said action and filed his said notice of *lis pendens* that any other person than the said R. E. Daggs and J. S. Armstrong had any claim whatsoever to said premises. Plaintiff further set up the refusal of the said W. A. Daggs to surrender the said property under the sheriff's deed aforesaid, and his claims made on said property as the tenant of said A. L. Johns, the exclusion of the plaintiff therefrom, and alleged damages thereby in the sum of one thousand dollars, and alleged that the real holding of said W. A. Daggs was in trust for the benefit of the said R. E. Daggs by and through the acts, bargains, and contrivances of the said R. E. Daggs and the said A. J. Daggs, who was the agent and attorney of the said A. L. Johns; that the property consists of farming lands, buildings, and improvements, and that defendants have neglected and refused to pay the taxes or keep up repairs on the said property, and have otherwise permitted waste thereon, and threatened so to do; that said property was inadequate security for debt of plaintiff against the same; that the defendants who resided in this territory, and were liable to pay such mortgage debt, were insolvent, and that all others who were liable to pay the same were beyond the jurisdiction of this court; that the plaintiff had no other security or means of collecting his said debt than through his lien upon said property, and was in danger, therefore, of losing the same, or the larger part thereof. Wherefore plaintiff prayed that he might have judgment against said R. E. Daggs and A. L. Johns, who, as aforesaid, have assumed and agreed to pay such mortgage debt, for the sum of sixty-five hundred dollars, with interest thereon from the date of said note, with attorney's fees and costs of suit, and for the sum of one thousand

dollars as damages by reason of the premises stated as afore-
said, and that the plaintiff's mortgage be adjudged to be
wholly unpaid and unsatisfied, and that the same be fore-
closed against said defendants and all of them, and all per-
sons holding under them; and for such other and further
relief as the circumstances of the case require and justice and
equity demand.  To this action the defendants answered sepa-
rately, each by demurrer and answer, on different grounds.
After such demurrers were overruled application was made
for change of venue by two of the defendants, which applica-
tion was denied, and the case was on December 21st tried
before the court without a jury, and judgment was rendered
in favor of the plaintiff for the amount of the debt and decree
of foreclosure upon the premises granted.  The deed dated
17th of March, 1894, from Daggs to Johns was decreed to be
fraudulent and void, and a personal judgment was rendered
against R. E. Daggs and A. L. Johns for the balance due on
said judgment, to be made out of any other property of said
R. E. Daggs and A..L. Johns as under ordinary execution.
Defendants appealed, and thereafter sued out a writ of error
and bring this case here for review.

The errors assigned are numerous, but as many of them
are upon immaterial points and some are without merit it will
only be necessary to consider those that go to the vital issues
in the case.  The first material proposition that is alleged is
in support of the demurrers of the several defendants, on
the ground that the grantees of the original mortgagor were
not liable to a direct action by the mortgagee, because no
privity of contract was shown in the pleadings to exist be-
tween said grantees and the mortgagee, and the action was
not brought in the name of, or for the benefit of, the mort-
gagor.  This is a mere matter of procedure, and is governed
by the *lex fori.*  In those jurisdictions where the common-law
practice is yet observed one course is followed, while another
rule obtains in those jurisdictions where the code practice has
been adopted.  The rule under the one procedure is very
concisely stated by Mr. Justice Gray in the case of *Willard* v.
*Wood,* 135 U. S. 309, 10 Sup. Ct. 831, in the following lan-
guage: ".The only remedy of the mortgagee against the
grantee was, as adjudged upon great consideration in *Keller*
v. *Ashford,* 133 U. S. 610, 10 Sup. Ct. 494, by bill in equity,

in which he might avail himself of the right of the mortgagor against his grantee, because in equity a grantor is entitled to avail himself of the security which his debtor holds from a third person for the payment of the debt. In the supreme court of the District of Columbia, as in the circuit courts of the United States, the jurisdiction in equity is distinct from the jurisdiction at law, and equitable relief cannot be granted in an action at law.'' Under our code practice, however, where our courts exercise a common jurisdiction, without any distinction between suits at law and in equity, the procedure adopted in this case is distinctly authorized. The rule is very plainly stated, and the reasons supporting it given, in *Williams* v. *Naftzger,* 103 Cal. 438, 37 Pac. 411: ''An agreement on the part of a grantee to pay and discharge a mortgage debt upon the granted premises, for which his grantor is liable, renders the grantee liable therefor to the mortgagee; and in an action for the foreclosure of the mortgage, if the mortgaged premises are insufficient to satisfy the mortgage debt, judgment may be rendered against him, as well as against the mortgagor, for the amount of such deficiency. This liability results from the familiar doctrine in equity that the grantor is entitled to the benefit of all securities or collateral obligations that his principal debtor may have given to the surety for the payment of the debt. By the conveyance of the mortgaged premises and the assumption of the mortgage debt by the grantee, the latter, as between him and his grantor, becomes primarily liable to the mortgagee, and his vendor becomes his surety.''.

The next assignment of error is based upon the proposition that the former judgment is conclusive against the parties to the action, and the plaintiff in this case has already had one judgment, and cannot bring a second action. This suit is brought for the purpose of foreclosing the mortgage against one who was not a party to the former suit, and whose nonjoinder as a party in a former suit is explained in the pleadings herein, by the ignorance of the plaintiff of the said defendant's interest in the suit or title to the property; and that ignorance is further explained by the allegation in the pleading that upon the conspiracy and contrivance of the said defendant and other defendants who are joined with him all the interest of the said defendant in the suit, and the claim

of title to the premises, on the part of the said defendant, was purposely and fraudulently withheld from the knowledge of the plaintiff, and such fraudulent concealment of fact on the part of the defendants accounted for the non-joinder in the former suit of such defendant by the plaintiff herein. The right to a second or supplemental foreclosure of the interest of a party whose title to the premises is discovered after the former action without negligence or the want of due diligence on the part of the plaintiff in the former action, is fully sustained by our courts. *Morey* v. *City of Duluth,* 69 Minn. 5, 71 N. W. 694; *Brackett* v. *Banegas,* 116 Cal. 278, 58 Am. St. Rep. 164, 48 Pac. 90.

The next assignment of error is based upon the proposition that because the plaintiff has made a mistake of law the court has no jurisdiction to grant relief. The authorities quoted fully sustain the doctrine laid down by Justice Story that ''a naked mistake of law, unattended with any special circumstances, such as misplaced confidence, misrepresentation, or undue influence, will furnish no ground for the interposition of a court of equity; and the present disposition of courts of equity is to narrow, rather than to enlarge, the operation of exceptions.'' This doctrine, however, refers to cases where a mistake of law has occurred where the facts are known and no fraud or deceit has been practiced; whereas, in this instance the relief is asked on the ground of mistake in fact as well as law, and for which mistake the fraud and deceit of the defendants are alleged in the pleadings to be responsible. In the case at bar, if any mistake of law was made, it was certainly induced by the fraudulent withholding from the record of the deed from Daggs to Johns until after the records were searched, the foreclosure suit begun, and the *lis pendens* had been filed.

The next and last assignment of error worthy of our attention is, that the court rendered a personal judgment against the defendant A. L. Johns for the full amount of the debt sued on, by reason of his liability under the terms of his deed from R. E. Daggs, after having adjudged and decreed the said deed to be fraudulent and void, and after having, for that reason, set the same aside. An examination of the record discloses the fact that in folios 264 and 265 the judgment declares: ''It is hereby ordered, adjudged, and decreed that

that certain deed of conveyance of said premises executed by the defendant R. E. Daggs to the defendant A. L. Johns, dated the 17th of March, 1894, and recorded on the 28th day of April, 1894, is fraudulent and void as against this plaintiff and as against the aforesaid mortgage of this plaintiff.'' Presuming that the decree declaring the deed void is correct, and that the evidence fully sustains it, the correctness and validity of this decree in the judgment would render it error for the court to render a personal judgment against the said defendant A. L. Johns. If the deed mentioned had been considered valid, and Johns had been made a party defendant in the action, as prayed in the complaint, and his title thus extinguished under the foreclosure, the personal judgment against Johns for any deficiency that might remain would have been proper; but, if the decree adjudging the deed fraudulent and void is correct, then it would naturally follow that that deed could neither convey to Johns title to the property, nor could a stipulation in a void deed make Johns personally liable for a debt that was a debt against the property to which such void deed failed to convey title; and the validity of the decree as rendered in folios 264 and 265, setting aside the deed as fraudulent and void, renders erroneous the decree granting a personal judgment for the mortgage debt against Johns as the grantee in such void deed, as given in folio 261, and the reference to Johns in the direction to the sheriff, ''that said sheriff make the balance due upon said judgment out of any other property of said defendants R. E. Daggs and A. L. Johns as on ordinary execution,'' as shown in folio 270. It is therefore ordered that the judgment be modified by omitting therefrom the personal judgment against A. L. Johns for the amount of the mortgage debt as shown in folio 261, and omitting therefrom the reference to A. L. Johns in the direction to the sheriff, ''that said sheriff make the balance due upon said judgment out of any other property of the said defendants R. E. Daggs and A. L. Johns,'' as shown in folio 270 of the abstract of said judgment as filed herein. The case is therefore remanded, and the district court is directed to modify the said judgment as indicated herein.

Street, C. J., Sloan, J., and Davis, J., concur.