[Civil No. 957.   Filed March 30, 1906.]

[85 Pac. 120.]

PETER L. KASTNER, Plaintiff and Appellant, v. FASHION LIVERY COMPANY et al., Defendants and Appellees.

1. CHATTEL MORTGAGE — AFTER-ACQUIRED PROPERTY. — A chattel mortgage, to be construed to cover after-acquired property, must be in language apt and clear to indicate such purpose.

2. SAME—CONSTRUCTION.—A chattel mortgage construed. *Held* not to include after-acquired property.

3. SAME—FORECLOSURE—DEFENDANT.—Under Arizona practice, a mortgagee may, in a foreclosure suit, join as party defendant a grantee of the mortgagor who has assumed payment of the mortgage debt, and recover a deficiency judgment against him. Following *Johns* v. *Wilson*, 53 Pac. 583, 6 Ariz. 125.

4. SAME—DEFICIENCY—PERSONAL JUDGMENT.—Under statutes providing that, when a mortgage is foreclosed, the court shall render judgment for the entire amount found to be due; that an execution may be issued against the mortgagor for a deficiency, after sale of the mortgaged property, where the defendant has appeared in the action; that all judgments shall be so framed as to give the party all the relief to which he may be entitled either in law or equity; if the facts in the complaint disclose that defendant is personally liable for the mortgage debt, personal judgment should be entered against him, if he has appeared in the action, though the prayer is only for foreclosure and for such "further relief as may be meet and proper in the premises."

5. SAME—FINDING.—A finding that "defendant assumed the mortgage" is to be construed as meaning that defendant assumed payment of the mortgage debt.

6. SAME.—Where the complaint does not set forth facts showing that defendant is personally liable for the mortgage debt, a finding that he is so liable is beside the issues, and no personal judgment can be rendered thereunder.

(Syllabus by the Court.)

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

E. M. Sanford, for Appellant.

The term "hereafter being used" covered after-acquired property. *Etheridge* v. *Sperry*, 139 U. S. 266, 11 Sup. Ct. 565, 35 L. Ed. 171; *Morton* v. *Williamson*, 72 Ark. 390, 81 S. W. 236. The nature of the property and not the form of the instrument determines the rule of law applicable to it. The intention of the parties is what governs interpretation of the instrument. Cobbey on Chattel Mortgages, sec. 12. A mortgage must be most strongly construed against the mortgagor,

he being the party stipulating for the debt or the performance of a duty. Cobbey on Chattel Mortgages, sec. 70. See, also, *Willey* v. *Snyder,* 34 Mich. 60; *Williamson* v. *Payne,* 103 Va. 551, 49 S. E. 662; *Martin* v. *Schichtl,* 60 Ark. 595, 31 S. W. 459. "Any description which will enable third person to identify the property aided by inquiries which the mortgage itself indicates and directs, is sufficient." *Kasse* v. *Johnston,* 5 Ind. 76, 82 S. W. 681; *Kerfoot* v. *State Bank,* 14 Okla. 104, 77 Pac. 46. "Descriptions do not identify by themselves, they only furnish the means of identification; they give certain marks or characteristics by the aid of which we may single out the things intended from all things; not by the description alone, but by that explained and applied." *Williamson* v. *Payne,* 103 Va. 551, 49 S. E. 662; *Barrett* v. *Fisch,* 76 Iowa, 553, 14 Am. St. Rep. 238, 41 N. W. 310; *Andregg* v. *Brunskill,* 87 Iowa, 351, 43 Am. St. Rep. 388, 54 N. W. 135. The mortgage stands and covers, under the term "hereafter being used," all property that might thereafter come into the business. If the place of the property can be determined, that is the highest character of description, and the items in the place are the subject of parol proof. Here we have the items of that which is *in esse,* and all the property that may be hereafter used in the business without item. The following are some of the cases that illustrate the principle: *Heilbroner* v. *Lloyd,* 17 Mont. 299, 42 Pac. 853; *Armstrong* v. *Ford,* 10 Wash. 64, 38 Pac. 868; *Pettis* v. *Kellogg,* 7 Cush. 456, cited in note to *Harding* v. *Coburn,* 46 Am. Dec. 686; and numerous others.

Herndon & Norris, for Appellees.

The mortgage must show in terms that it was intended to cover future property. Jones on Chattel Mortgages, sec. 173-A; *Phillips* v. *Both,* 58 Iowa, 499, 12 N. W. 481. When the mortgage is intended to cover after-acquired property, either express terms should be used to that end, or it must clearly appear from the language of the instrument, and from the circumstances of the particular case, that such was the manifest intention of the parties. *Maxwell* v. *Wilmington Dental Mfg. Co.,* 77 Fed. 938. General terms are not sufficient to cover after-acquired property. 20 Am. & Eng. Ency. of

Law, 2d ed., p. 918, note 3. The practical construction of the mortgage by the parties themselves, denoted by their supplemental contract of substitution and disposition of other property originally included in the same contract, is indicative that the parties themselves did not consider the mortgage as covering after-acquired property, and this practical con-. struction is binding upon them and upon the court. *Smith* v. *Miami County,* 6 Ind. App. 153, 33 N. E. 243.

Judgment *in personam* should not be entered against the Fashion Livery Co. There is no prayer for personal judgment against any of the defendants, and, if same had been granted, it would have been error. *Raun* v. *Reynolds,* 11 Cal. 15; *Woodworth* v. *Huntoon,* 40 Ill. 131, 89 Am. Dec. 340; *Knowles* v. *Roblin,* ·20 Iowa, 101; *Bradshaw* v. *Van Valkenburg,* 97 Tenn. 316, 37 S. W. 88. A personal judgment where plaintiff merely prays for a sale is unauthorized. *Simonson* v. *Blake,* 12 Abb. Prac. (N. Y.) 331. The relief must be consistent with the frame and purposes of the bill. *Rigg* v. *Hancock,* 36 N. J. Eq. 42; *Scott* v. *Gamble,* 9 N. J. Eq. 218; *Allen* v. *Pullman Palace Car Co.,* 139 U. S. 658, 11 Sup. Ct. 682, 35 L. Ed. 303. A personal decree against the mortgagor cannot be had, unless prayed for in the bill. Jones on Chattel Mortgages, sec. 785; *Wylder* v. *Crane,* 53 Ill. 490. The rule for decrees upon such a prayer as in the complaint herein, for special and general relief, is stated in *Pillow* v. *Pillow,* 5 Yerg. (Tenn.) 420.

NAVE, J.—Peter L. Kastner brought suit against the Fashion Livery Company and others to foreclose a chattel mortgage. From a judgment in his favor granting him inadequate relief, as he contends, plaintiff has appealed, seeking to have the judgment extended in its scope.

There are but two questions involved in the case: 1. Whether the mortgage in question by its terms covers after-acquired property; 2. Whether the plaintiff is entitled to personal judgment against the Fashion Livery Company.

The portion of the mortgage which must be construed reads as follows: "That the said mortgagor mortgages to the said mortgagee all that certain personal property situated and described as follows, to wit, being all the property now used and hereafter being used in the business of the Fashion Livery Sta-

bles, consisting of a leasehold interest in the land and buildings in which said business is carried on, and the following live and other stock used in said business: One rubber-tire buggy, two surreys, one phaeton, three pole buggies, one single buggy, and one spring two-seat wagon, one barouche, nineteen head of livery and saddle horses, five sets of double harness, three sets single harness, three men's riding saddles, one ladies' sidesaddle, all lap robes, whips, other and all stable and livery furnishings, equipments and appliances, feed, hay and grain, and other property constituting and comprising said livery business. The said business and stables being situate on Goodwin Street, facing the Plaza on the south side, in the city of Prescott, county of Yavapai and territory of Arizona." Appellant contends that by a correct interpretation of the language quoted he was entitled to foreclose his mortgage upon after-acquired property as well as upon property in the Fashion Livery Stables at the time of the execution of the mortgage. He bases this contention upon the phrase "all the property now used and hereafter being used in the business of the Fashion Livery Stables." While a chattel mortgage may include property to be acquired after the execution thereof, the language used must be apt and clear to indicate such purpose. It is by no means clear from the description in this mortgage that it was intended to include after-acquired property. Its wording is more readily explained upon the theory that the mortgagor and the mortgagee were seeking to make clear the intention that the mortgagor should continue to use the mortgaged property, than by the theory that they intended to include in the mortgage all property thereafter purchased and used in the business of the stable. The description points out the precise property covered by the general terms and defines this property as consisting of two classes: 1. A leasehold interest in the land and buildings; and, 2. Certain live and other stock used in the business. This interpretation is fortified by reason of the fact that, in describing some other property covered by the same mortgage (and afterwards released from the operation thereof), the parties included after-acquired property in unequivocal language, as follows: "Also all the right, title, and interest of the said mortgagor (being an undivided one half interest) of, in, and to the tools, implements, appliances, material, and

stock on hand, and fixtures," in certain shops, "and also in and to all tools, implements, appliances, material, fixtures, stock and furnishings which shall hereafter be added to . . . said tools," etc. This is the interpretation given to the mortgage by the district court, and is not erroneous.

The court did not enter personal judgment against the Fashion Livery Company. Appellant contends that he is entitled to have the judgment extended so as to include such personal judgment. Among the findings of fact are the following: Finding 12. "That on April 11, 1903, . . . the defendant the Fashion Livery Company purchased the interest of Hobbs & Storm, in and to all the property used in said business . . . subject to the provisions of the mortgage herein; and thereupon on that day the said Hobbs & Storm executed and delivered to the said Fashion Livery Company a bill of sale including all the property comprised in and used in said livery business, and contemporaneously therewith the said Fashion Livery Company entered into the possession of all of the said property and assumed the said mortgage." Under our practice a mortgagee may, in a foreclosure suit, join as a party defendant a grantee of a mortgagor who has assumed the payment of the mortgage debt, and may recover a deficiency judgment against such grantee. *Johns* v. *Wilson*, 6 Ariz. 125, 53 Pac. 583; same case, affirmed, 180 U. S. 440, 21 Sup. Ct. 445, 45 L. Ed. 613. Appellees contend that the plaintiff could not recover personal judgment against the Fashion Livery Company by reason of his failure to pray for such judgment. Plaintiff prayed for a foreclosure of the mortgage in question and a judicial sale of the mortgaged property. He concludes his prayer as follows: "That plaintiff have such other, further, or different relief as may be meet and proper in the premises." It is not necessary to consider whether this prayer is broad enough to support a personal judgment, in the absence of a statute prescribing the scope of the judgment. Under our statute this prayer is sufficient to obtain personal judgment against a defendant who has appeared in the action, if the facts alleged and proved disclose that he is personally liable for the debt. Paragraphs 3275, 3277, and 1428, of the Revised Statutes of 1901, provide, respectively, as follows:—

"3275. When a mortgage or deed of trust is foreclosed, the court shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the same, with interest and costs. An execution shall issue accordingly, and the sale thereunder shall be subject to the redemption as in the cases of sale under execution."

"3277. If the mortgaged property does not sell for sufficient to satisfy the execution, an execution may be issued for the balance against the mortgagor in all cases where there has been personal service or the defendant has appeared in the action, unless the parties have stipulated otherwise."

"1428. The judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

The Fashion Livery Company appeared in the action. The court's finding that this company "assumed the said mortgage" should be interpreted as a finding that it assumed the payment of the debt secured by the mortgage. Under these statutes and this finding of fact, the plaintiff should have personal judgment against this company for the amount of the indebtedness proved and should have execution thereunder for the deficiency, if any, after the application to the debt of the proceeds from the sale of the mortgaged property, if the allegations in his complaint tender an issue under which this finding of fact could properly be made. An examination of the complaint discloses that the only allegation therein involving the Fashion Livery Company in the case is "that the defendant the Fashion Livery Company (and other defendants) now claim, hold out, and assert that they are the owners of all the right, title, interest, and equity of redemption in and to the said mortgaged property formerly held and owned by the said H. K. MacDonald as aforesaid, the nature and extent of which said right, title, and interest, and equity of redemption . . . is subsequent and subject to the mortgage lien in and to the property therein mentioned"; and, further, that this company now has in its possession certain of the mortgaged property. There is no allegation in the complaint that the Fashion Livery Company assumed the payment of the mortgaged debt, or in the language of

the finding of fact, "assumed the mortgage." Therefore this finding is beside the issues in the case, and cannot be made the basis of a personal judgment against this company.

The judgment is affirmed.

KENT, C. J., DOAN, J., and CAMPBELL, J., concur.