[Civil No. 991.  Filed March 22, 1907.]

[89 Pac. 517.]

P. L. SHERMAN and D. H. PINNEY, Defendants and Appellants, v. LIBBIE GOODWIN, Plaintiff and Appellee.

1. PLEADINGS—DEMURRER—GENERAL.—Where the answer contains a general denial and the demurrer to the answer is a general demurrer, and goes to the whole of the answer, it is properly overruled, whether any special defense set up is good or not.

2. APPEAL AND ERROR—RECORD—BILL OF EXCEPTIONS—EXHIBITS—WHEN NOT CONSIDERED.—Where the deed is printed in the abstract, but is not incorporated in the bill of exceptions or statement of the facts, or otherwise identified, such deed cannot be considered by the appellate court.

3. DEED—COVENANTS—IMPLICATION—REV. STATS. 1901, PAR. 728.—Under paragraph 728, *supra,* any conveyance of fee simple title to land in which the use of the words "grant" or "convey" is made impliedly contains certain covenants of warranty—among these that the estate granted is at the time free from encumbrance.

4. MORTGAGE—ASSUMPTION OF BY PURCHASER—ESTOPPEL.—A grantee in a deed of conveyance assuming the payment of a mortgage is estopped from setting up the invalidity of the mortgage.

5. BILLS AND NOTES.—Note payable to maker indorsed and delivered to indorsee is valid.  A note made payable to order of maker when indorsed and delivered to the indorsee becomes a valid note.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for the County of Maricopa. Frederick S. Nave, Judge. Reversed and remanded.

Opinion on rehearing, see 12 Ariz.

The facts are stated in the opinion.

Walter Bennett, and D. H. Pinney, for Appellants.

W. J. Kingsbury, for Appellee.

SLOAN, J.—The record in this case is remarkable for the extent and variety of the pleadings it presents, and for the number of judges who have successively heard the case and rendered judgment therein. There have been three trials and three judgments entered. The judgments entered in the first and second trials were set aside and new trials granted by the judges who rendered them. Both of said judgments were rendered for appellants. Upon the last trial judgment was entered for appellee, and the appeal is from this judgment and from the order overruling the motion for a new trial.

Without the aid of counsel, it would be impossible for this court to determine upon what pleadings the case was finally tried. It would appear from the minute orders incorporated in the abstract that the case at one time in the proceedings was consolidated with another cause between the same parties, but that subsequently by agreement the order of consolidation was set aside. This proceeding only added to the confusion of the record. The complaint, the answer of the defendant, and the cross-complaint filed by one of the defendants, and the answer of the plaintiff to this cross-complaint were each several times amended. It appears from the minutes that the trial court upon the last trial of the cause set aside various rulings made by the judges upon the former trials upon various demurrers, and dilatory motions filed by the parties, and thereupon overruled certain of these and sustained others. Some of the pleadings affected by these orders of the court have not been incorporated into the abstract, and their bearing, therefore, upon the issues finally submitted is not apparent. The appellants have not incorporated into the record any statement of facts or bill of exceptions. The record consists of the pleadings, the find-

ings and judgment of the court, and the minute entries appertaining to the various proceedings. Appellants have prepared an abstract which purports to show the pleadings upon which the case was last tried, and upon which the judgment complained of was entered, and, as the abstract in this particular is not questioned by appellee, under our rules we take it to be correct in this respect. These pleadings show that the appellee, Libbie Goodwin, filed her complaint against P. L. Sherman, Roger Sherman, James Wilson, and D. H. Pinney, to quiet her title to a quarter section of land in Maricopa county. The amended answer of the defendant D. H. Pinney contained (1) a general demurrer to the complaint; (2) a general denial; (3) a special answer in which it was alleged that on the twenty-third day of October, 1889, one James Wilson was the owner of the premises described in the complaint; that on that day Wilson and his wife executed a trust deed conveying the premises to one P. L. Sherman, as trustee, to secure the payment of four promissory notes, executed by said Wilson, and payable to the order of himself, and assigned by him on the back thereof and delivered to the defendant Pinney; that thereafter, for a valuable consideration, Wilson delivered the trust deed and the notes assigned by him on the back thereof before delivery to the defendant Pinney, and that the latter held three of said notes, each for the sum of $1000; and that the said last-mentioned notes had not been paid or any part thereof.

By way of cross-complaint the defendant Pinney set up the facts above recited, and in addition alleged that after the execution of said trust deed and the notes with the assignment on the back thereof Wilson and his wife conveyed the premises for the express consideration of $2,400 to one Watrous, and that this conveyance was subject to the lien of the trust deed; that thereafter Watrous and his wife, for the express consideration of $2,400, conveyed the premises to the plaintiff, Libbie Goodwin, and Desda A. Wilson, and that the latter conveyance was subject to the lien of the said trust deed and the notes secured thereby, the payment of which was in said deed of conveyance assumed by said grantees; that the value of the premises at the time was $11,000; that thereafter, in 1902, said Desda A. Wilson, for an express consideration of $1,500, conveyed her interest in the premises to said plaintiff, Libbie Goodwin, subject, however, to the lien of the said trust deed and the notes secured thereby. In the prayer

of his cross-complaint defendant Pinney asked that a decree
be entered adjudging the amount due on the promissory notes
held by him to be a lien against the premises, and that said
lien be foreclosed, and for general relief. The defendant P.
L. Sherman appeared and filed an answer containing a gen-
eral demurrer, a general denial, and a special answer, in
which he disclaimed any interest in the premises, save and
except as trustee under said trust deed. No appearance seems
to have been made by the defendants James Wilson and Roger
Sherman. The plaintiff, Libbie Goodwin, filed an answer to
the cross-complaint of Pinney, which contained: 1. A de-
murrer setting forth a defect of parties in the omission to
make James Wilson a party thereto; that the cause of action
alleged appears thereon not to have accrued within three years
next before the commencement of the action; that it did not
state facts sufficient to create a lien upon the premises de-
scribed; that the cross-complaint is a departure in pleading,
and the cause of action set forth is not a proper subject for
a cross-complaint. 2. The answer set up that at the time
Watrous and wife conveyed the premises to the plaintiff she
was a minor, under the age of twenty-one years, and that the
obligation, if any accrued against her, arising out of the lien
of the trust deed, was avoided by her after she became of age.
3. A general denial. 4. Upon information and belief the
answer alleged that the defendant Pinney, prior to the execu-
tion of the trust deed, agreed with Wilson to remove all clouds
from and clear up the title to the land described in the com-
plaint for a contingent attorney's fee of one-third of what
could be gotten out of said land; that Wilson, reposing con-
fidence and faith in said Pinney as his attorney, at the solicita-
tion and advice of said Pinney, executed said trust deeds and
notes for the purpose of defeating the claims of certain cred-
itors, and that said conveyance and the execution of said notes
were not *bona fide* transactions, but fraudulent in character,
and that no consideration was paid or given by said Pinney
or received by said Wilson or any other person for said notes;
that the indorsement upon each of said notes was made by
said Wilson as follows: "This note is payable out of the prem-
ises described in the trust deed and not otherwise; on condi-
tion above named pay to the order of ——"; that with said
indorsement on each of said notes the same were left with the
said Pinney for the purpose aforesaid, and for no other pur-
pose. The defendants Pinney and P. L. Sherman demurred

to the answer filed by plaintiff to the cross-complaint, upon the ground that the same did not constitute a defense to the cause of action therein set forth. The demurrer to the cross-complaint, as also the demurrer to the answer to the cross-complaint, were overruled by the trial court. It appears from the minute entries incorporated into the abstract that upon the last trial of the cause a jury was called, to which was submitted an issue of fact suggested by the following interrogatory: "Were the notes and trust deeds in evidence in this case, executed and delivered by Wilson to Pinney, in whole or in part, to secure Pinney for his services rendered and to be rendered as attorney for James Wilson?" The answer of the jury to this interrogatory was "No." We are not able to discover from the record what was done with this verdict of the jury by the trial court.

The court found substantially as follows: That on the twenty-third day of October, 1899, the defendant James Wilson was the owner of the premises described in the complaint; that on that day Wilson, with his wife, Desda A. Wilson, executed a certain trust deed conveying said premises to P. L. Sherman as trustee to secure the payment of four promissory notes dated upon the day mentioned, executed by Wilson, and made payable to the order of himself. Three of said notes were in the sum of $1,000 each, and the fourth in the sum of $1,500; that the three notes first mentioned were delivered to Pinney by Wilson without consideration, and that Wilson received no consideration whatsoever from Pinney or Sherman, or from any person whatsoever, for the execution or delivery of said deed of trust or said notes, and that the latter were not intended by said parties or either of them to create any obligation on the part of said Wilson; that on the thirteenth day of March, 1900, by deed containing full covenants of warranty, said Wilson and his wife, Desda A. Wilson, conveyed the premises to J. L. Watrous, and that thereafter said Watrous conveyed said premises by good and sufficient deed of conveyance to the plaintiff, Libbie Goodwin, and the said Desda A. Wilson, which last-mentioned deed contained the following clause, viz.: "And it is hereby mutually agreed between the parties hereto that the grantees herein named do hereby assume all mortgage and other liens or encumbrances, which stand against the property hereby conveyed, and that the said grantor does not warrant or agree to defend the title

XI Ariz.—10

of said premises. It being fully agreed between the parties hereto that the said grantor shall not be held responsible for any defect of title thereto." That thereafter said Desda A. Wilson and James Wilson by warranty deed conveyed their interest to plaintiff, Libbie Goodwin. Upon these findings the court gave judgment for the plaintiff, quieting her title to the premises described in the complaint, and further adjudged the notes held by Pinney and the deed of trust given to Sherman to be null and void, and to create no lien against the said premises.

Numerous errors have been assigned by counsel for appellants in their briefs. In the state of the record, however, such of these as pertain to the introduction of evidence, and other matters not appearing upon the face of the record, we may not consider. The ruling of the trial court upon the demurrer filed by Pinney to the answer of Libbie Goodwin to his cross-complaint is assigned as error. An inspection of the record discloses that the answer of Libbie Goodwin to the cross-complaint contained a general denial, and as the demurrer to this answer was a general demurrer and went to the whole of the answer it was properly overruled, whether or not any special defense set up was or was not good. Defendants further assigned as error that the court erred in permitting plaintiff, Libbie Goodwin, to introduce any evidence to sustain her answer to the cross-complaint, for the reason that the facts set forth did not constitute a defense to the said cross-complaint. Although the evidence is not before us, from the recitals in the findings and judgment it is apparent that the court did hear evidence to sustain the special answer of Libbie Goodwin, and that the relief granted by the judgment was based upon the truth of the allegations therein contained. The broad question of law is therefore presented by the record as to whether the facts set up by Libbie Goodwin in her special answer, and found by the court, constituted a good defense to the mortgage sought to be foreclosed by Pinney in his cross-complaint. The question turns upon the effect to be given to the deed from Watrous to Libbie Goodwin and Desda A. Wilson. The court does not specifically say in the findings whether this deed was in form a warranty, bargain and sale, or quitclaim deed. It is termed by the court a "good and sufficient deed of conveyance." What purports to be this deed is printed in the abstract, but as it is not incorporated in the bill of exceptions or statement of facts, or

otherwise identified, we may not look to it as throwing light upon the nature of the conveyance from Watrous to Goodwin and Wilson.

The assumption clause quoted in the findings negatives the idea that the conveyance was a quitclaim deed. Under paragraph 728, Revised Statutes of 1901, any conveyance of a fee simple title to land in which the use of the word "grant" or "convey" is made impliedly contains certain covenants of warranty, among these being that the estate granted is at the time free from encumbrance, "unless restrained by express terms contained in such a conveyance." It is therefore immaterial in its bearing upon the question here to be considered whether the deed containing the assumption clause was in form a bargain and sale deed or warranty deed. It is found by the court that the deed from Wilson and wife to Watrous was a warranty deed, and that no limitation upon the covenants contained therein was made, and no mention made of existing mortgages, or other liens or encumbrances. It is argued by counsel for appellees that the assumption clause in the deed from Watrous to Goodwin and Wilson imports merely a purpose to relieve the grantor from the effect of the covenants, express or implied, of his deed, and that its effect was not to create on the part of the grantees any special obligation to pay the debt secured by any of the mortgage or other liens which stood against the property conveyed. It is claimed that to assume a mortgage is not to assume payment of the debt secured by such mortgage. In the case of *Locke* v. *Homer*, 131 Mass. 107, 41 Am. Rep. 199, it was held that a stipulation made in a deed that the land conveyed was free from encumbrance, except a mortgage previously made by the grantor, "which the grantee assumes and agrees to hold the grantor harmless therefrom," amounts to an agreement on the part of the grantee to pay the mortgage debt.

In the light of this decision, and others that might be cited, we construe the stipulation in the deed in question to mean that the grantees assumed the debts secured by such mortgages, liens or other encumbrances, as may have existed against the property at the time of the conveyance. Under the great weight of authority such an agreement renders a grantee not only personally liable for the payment of the debt secured by the mortgage, the payment of which is assumed, but estops him from denying its validity, and from

setting up any defense against its enforcement based upon facts which existed prior to the conveyance. Counsel for the appellee, while admitting this general doctrine, argues that the doctrine does not apply where the grantor was not personally liable for the payment of the debt assumed by the grantee. The question whether a grantee in such a case is personally liable for a deficiency judgment has been much discussed and variously decided by the supreme courts of the various states. New York, New Jersey, Iowa, Massachusetts, and Minnesota hold to the doctrine that to render the grantee personally liable his grantor must have been personally liable to pay the mortgage debt. The contrary doctrine is held in Pennsylvania, Illinois, Ohio, Nebraska, Wisconsin, Missouri, Utah, and one or two other states. Whatever may be the true rule as to the personal liability of such a grantee, we are unable to find any case that sustains the doctrine that a grantee who assumes payment of a mortgage in a deed of conveyance is not estopped from setting up as a defense the invalidity of such mortgage upon the ground that his grantor was not personally liable to pay the same. The law presumes that the grantee received a good consideration for his assumption of the mortgage debt in that the amount of the latter was either deducted from the agreed purchase price or considered by the parties in fixing such agreed purchase price. *Cobb* v. *Fishel,* 15 Colo. App. 384, 62 Pac. 625; *Gage* v. *Cameron,* 212 Ill. 146, 72 N. E. 204; *McGregor* v. *Eastern B. & L. Assn.,* 5 Neb. (Unof.) 563, 99 N. W. 509. The rule estopping the grantee from setting up the invalidity of the mortgage in such a case rests upon the broad doctrine that having agreed with his grantor to pay and discharge the mortgage, and presumably having received a consideration for this agreement, it would be inequitable and a breach of contract on his part to deny the validity of the encumbrance he has thus agreed to recognize and discharge. He would, if this were allowed, be taking advantage of his failure and refusal to carry out his agreement to the prejudice of another. As stated by the circuit court of appeals in *American Waterworks Co.* v. *Farmers' Loan & Trust Co.,* 73 Fed. 962, 20 C. C. A. 138: ''One who thus buys property has no right to challenge the validity of a mortgage lien existing thereon at the date of his purchase, which his grantor by the terms of his conveyance did not see fit to challenge, but recognized in the most formal

manner by declaring that he conveyed the property subject to the existing lien. Whether such mortgage is valid or otherwise is no concern of the purchaser, for in contemplation of law he only acquires an equity of redemption in the property conveyed to him; . ... that is to say, a right to discharge the mortgage debt, . . . and it would be a breach of good faith, having purchased this right and nothing more, to deny the validity of the encumbrance, and seek to avoid the payment thereof on that ground. As between the grantor and the grantee in a conveyance made subject to an existing mortgage, the amount of the encumbrance should be regarded as a part of the purchase price left unpaid at the date of the conveyance which the grantee undertakes to pay. At all events, he impliedly agrees not to challenge the validity of the encumbrance.'' The following additional cases sustain this doctrine: *Bronson* v. *La Crosse etc. R. Co.*, 2 Wall. (U. S.) 283, 17 L. Ed. 725; *Freeman* v. *Auld*, 44 N. Y. 50; *Johnson* v. *Thompson*, 129 Mass. 398; *Calkins* v. *Copley*, 29 Minn. 471, 13 N. W. 904.

In the present case the findings show that Watrous, the grantor of appellee, Libbie Goodwin, was not personally liable to pay the mortgages outstanding against the property. Notwithstanding that fact, however, we hold under the authorities cited, that appellee, by accepting the deed from Watrous and claiming title thereunder, did assume to pay the mortgages standing against the property at the time of the conveyance, and that therefore, irrespective of the question of her personal liability for any deficiency, she is estopped in this action from attacking the validity of the mortgage debt sued upon by Pinney. The relief granted by the trial court in its judgment was based upon the invalidity of the mortgage debt, and as we hold that the appellee was estopped from raising this issue, error appears upon the face of the record. It is argued by counsel for appellee that the judgment must be sustained, for the reason that the cross-complaint filed by Pinney is insufficient to sustain a judgment in foreclosure, in that it appears therein that no indebtedness was created by the execution and delivery of the notes held by Pinney, because it is therein stated that these notes were made payable to the order of Wilson, the maker thereof. A note made payable to the order of the maker, when indorsed and delivered to the indorsee, becomes a valid note. *Roby* v.

*Phelon,* 118 Mass. 541; *Kayser* v. *Hall,* 85 Ill. 513, 28 Am. Rep. 624; Rev. Stats. 1901, par. 3311.

The judgment is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

DOAN, J., concurs. The CHIEF JUSTICE, being disqualified, took no part in the decision of this case.

CAMPBELL, J., Dissenting.—There is great diversity of opinion among the courts of the several states as to the grounds upon which rests the liability of a grantee who assumes payment of a mortgage given by his grantor. In the view of the courts deciding the cases cited in the majority opinion, his liability rests upon contract. Putting it upon that ground, there is no difficulty in perceiving that the majority of the court is right in holding that· such a grantee is estopped from denying the validity of the mortgage; but upon questions of general law we are bound by the decisions of the supreme court of the United States. That court, in *Union Mutual Life Ins. Co.* v. *Hanford,* 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118, states that the settled law of that court is "that the grantee is not directly liable to the mortgagee at law or in equity, and the only remedy of the mortgagee against the grantee is by a bill in equity in the right of the mortgagor or grantor by virtue of the right in equity of a creditor to avail himself of any security which his debtor holds from a third person for the payment of the debt." In the case at bar, the plaintiff's grantor was not in any wise indebted to the mortgagee, nor was he indebted to the mortgagor. He could have interposed any defense to the foreclosure of the mortgage that was open to the mortgagor. The debtor, therefore, does not hold from a third person any security for the payment of the debt. There is no privity of contract between the mortgagor and Goodwin. Her liability is only to her immediate grantor. In my opinion, she stands in the same relation to the mortgagor as if there was no assumption clause in the deed, and should be permitted to make any defense that the mortgagor could make. Without further elaborating the reasons upon which my dissent is based, I call attention to the cases of *Ward* v. *De Oca,* 120 Cal. 102, 52 Pac. 130, and *Johns* v. *Wilson,* 180 U. S. 440, 21 Sup. Ct. 445, 45 L. Ed. 613.