[Civil No. 991.  Filed March 27, 1908.]

[95 Pac. 121.]

P. L. SHERMAN and D. H. PINNEY, Defendants and Ap-
pellants, v. LIBBIE GOODWIN, Plaintiff and Appellee.

1. APPEAL—REVIEW—PRESUMPTION—FACTS SUSTAIN DECISION.—Where,
    in an action by a mortgagee to foreclose his mortgage against the
    grantee of the land, the latter pleaded that she did not know that
    the deed contained a clause assuming the mortgage indebtedness,
    and that she received no consideration for such assumption, and
    judgment was rendered in her favor, the reviewing court on appeal
    will presume, appellant not having included the evidence in the rec-
    ord, that the grantee sustained her pleading by testimony.

2. MORTGAGES—TRANSFER OF PROPERTY BY MORTGAGOR—ASSUMPTION BY
   PURCHASER.—Where a mortgagor conveys the premises, warranting
   against all encumbrances, and afterward the grantee conveys the
   premises to a third person by a deed not describing or referring to
   the mortgage, but containing a general assumption clause, relieving
   the grantee from warranting the title and assuming all mortgage
   and other liens standing against the property, the third person is
   thereby obligated to pay all valid mortgages and liens, but is not
   estopped from defending against any invalid mortgage or lien that
   may be preferred.

3. SAME—TRANSFER OF PROPERTY MORTGAGED—ASSUMPTION BY PUR-
   CHASER.—A property owner mortgaged his property to secure cer-
   tain notes payable to himself, which notes were delivered to
   defendant without consideration. Thereafter the mortgagor con-
   veyed the property by warranty deed. Subsequently the grantee
   conveyed the property to plaintiff by a deed containing a general
   assumption clause obligating plaintiff to assume all liens and encum-
   brances standing against the property. *Held,* that the assumption
   clause did not constitute such a contract with the grantee for de-
   fendant's benefit as to make the case an exception to the general rule
   that a mortgagee foreclosing against a subsequent grantee maintains
   his action on the doctrine of subrogation.

APPEAL from a judgment of the District Court of Third
Judicial District, in and for the County of Maricopa. Fred-
erick S. Nave, Judge. Former opinion reversed, and judg-
ment below affirmed.

Rehearing. For former opinion, see 11 Ariz. 141, 89 Pac.
517.

The facts are stated in the opinion.

Walter Bennett, and D. H. Pinney, for Appellants.

W. J. Kingsbury, for Appellee; J. F. Wilson, of Counsel.

DOAN, J.—This case was originally presented last term, and
is now before us on rehearing. The opinion in the case in 11
Ariz. 141, 89 Pac. 517, gives a full statement of the facts, and
our consideration of the errors assigned, to which reference is
here made. The statement there made satisfactorily presents
the facts, with the exception of our statement of the answer of
the plaintiff to the cross-complaint, on which the case was
tried. In the confused state of the record we failed to note

that in the verified answer of Goodwin to the cross-complaint of Pinney she stated in regard to the assumption clause in the deed from Watrous "that she was not present when said deed was prepared and signed by said Watrous and wife; that she did not know that said words were inserted therein; that she had had no conversation with the said Watrous and wife, or anyone representing them, or either of them, in regard to the insertion of said words in said deed; that she never read the said deed; that she had never had the same in her possession; that she did not know that it contained the provisions herein-before set forth until it was brought out during the former trial of this suit; that she received no consideration for the liability accruing to her, if any did accrue on account of the insertion of said words in said deed"—and it is fair to presume, the appellant not having included the evidence in the record, that she sustained these facts by testimony. This becomes important for the reason that, after considering the other points raised, we held that Wilson, the mortgagor, having, after the execution and record of this mortgage, conveyed the land to Watrous by deed covenanting against encumbrances, and without any assumption clause, and Watrous having conveyed to Goodwin and Desda Wilson by deed containing the following clause, viz.: "And it is hereby mutually agreed between the parties hereto that the grantees herein named do hereby assume all mortgage liens, and other liens or encumbrances which stand against the property hereby conveyed, and that the said grantor does not warrant or agree to defend the title of said premises, it being fully agreed between the parties hereto that the said grantor shall not be held responsible for any defect of title thereto"—and Desda Wilson and James Wilson, the mortgagor, having thereafter conveyed to Goodwin by warranty deed their interest in the said land, that by her acceptance of the deed from Watrous containing said assumption, Goodwin was estopped from showing the invalidity of that mortgage, and from availing herself of a good defense thereto. On a further investigation of the facts as pleaded in this case, and the authorities we then cited, we find that this rule of estoppel has been enforced only in cases where the mortgage assumed is described in the deed of conveyance, and such agreement or assumption has been made in the nature of a contract, and for a valuable consideration. In

our former opinion we said that "a grantee who assumes payment of a mortgage in a deed of conveyance is estopped from setting up as a defense the invalidity of such mortgage on the ground that his grantor was not personally liable to pay the same, for the reason that the law presumes that the grantee received a consideration for his assumption of the mortgage debt, in that the amount of the latter was either deducted from the agreed purchase price, or considered by the parties in fixing such agreed purchase price. *Cobb* v. *Fishel*, 15 Colo. App. 384, 62 Pac. 625; *Gage* v. *Cameron*, 212 Ill. 146, 72 N. E. 204; *McGregor* v. *Eastern B. & L. Assn.*, 5 Neb. (Unof.) 563, 99 N. W. 509. The rule estopping the grantee from setting up the invalidity of the mortgage in such a case rests upon the broad doctrine that having agreed with his grantor to pay and discharge the mortgage, and presumably having received a consideration for this agreement, it would be inequitable and a breach of contract on his part to deny the validity of the encumbrance he has thus agreed to recognize and discharge. He would, if he were allowed, be taking advantage of his failure and refusal to carry out his agreement to the prejudice of another."

In the case of *Locke* v. *Homer*, 131 Mass. 109, 41 Am. Rep. 199, also cited, the deed conveyed the premises "free from encumbrances, except a mortgage to Margaret Aitken of four thousand dollars, which the grantee assumes and agrees to hold the grantors harmless from." In *Cobb* v. *Fishel*, 15 Colo. App. 384, 62 Pac. 625, the deed from Jones to Cobb stated the consideration to be $12,000, the receipt whereof was acknowledged, followed by a clause reciting the existence of a mortgage of $3,250, which the grantee assumed and agreed to pay. It was there held that "this was an agreement made by Cobb with Jones, which would inure to the benefit of the holder of the notes. This liability could be enforced in an action at law, as well as in an equitable suit, and is not at all dependent upon the doctrine of subrogation, but was a contractual liability, and the party to whose benefit the promise inured could maintain the action." In the case of *American W. W. Co.* v. *Farmers' L. & T. Co.*, 73 Fed. 962, 20 C. C. A. 138, the deed by which the property was conveyed by the Illinois company to the New Jersey company described the outstanding encumbrances existing thereon, to wit: "The

aforesaid encumbrances for four hundred thousand. dollars and four million dollars respectively, and expressly declared that the property was conveyed to the grantee, company, 'subject to said encumbrances.' '' The court said: ''The New Jersey company, we think, is estopped from asserting the invalidity of the mortgages executed by its predecessor, the Illinois company, by virtue of the well-established rule that the purchaser of property who accepts a conveyance thereof which describes encumbrances existing thereon, and expressly declares that the conveyance is made subject thereto, will not be allowed to question the validity of such encumbrances''— and follows that expression with the one we cited in our former opinion: ''One who thus buys property has no right to challenge the validity of a mortgage lien existing thereon at the date of his purchase which his grantor by the terms of his conveyance did not see fit to challenge, but recognized in the most formal manner by declaring that he conveyed the property subject to the existing lien.'' The additional cases cited as sustaining this doctrine are likewise those in which the encumbrances assumed were particularly described in the deeds, which conveyed the property ''subject to said encumbrances.'' The case of *Gage* v. *Cameron,* 213 Ill. 146, 72 N. E. 204, is not an exception to our statement of the above rule. In that case the court held the assumption clause to render the purchaser liable, but the doctrine of estoppel was not invoked; on the contrary, the court went into the case thoroughly, took testimony on all the facts, and decided on the merits of the case that the claims were valid, and known by the grantee to be such, and were intended to be assumed under the deed.

It is not contended by the appellee in this case that the conveyance of the land by the mortgagor to Watrous by a deed warranting against encumbrances, without making it subject to this mortgage, would operate to release the land from any valid lien of such mortgage, but the contention is that such transfer from the mortgagor, and the acceptance of a deed from such grantee by the present owner containing only an assumption clause relieving such grantee from the warranty of title, and assuming all mortgage and other liens standing against the property, obligated the present owner to pay all valid liens against the same, but does not estop her from de-

fending against any void mortgage or invalid lien or claim
that may be preferred. Her right in this respect is recognized
in *Gage* v. *Cameron,* just cited, and in *Robinson Bank* v.
*Miller,* 153 Ill. 244, 46 Am. St. Rep. 883, 38 N. E. 1078, 27
L. R. A. 449, where it is held that "the grantee of land who
takes it subject to encumbrances is not bound to pay a mort-
gage thereon which did not constitute a part of the considera-
tion of his purchase, and which was not made in good faith
for a real indebtedness." This was held upon the reason that
is applicable here, that in a case of this kind where there are
several liens or encumbrances the term, "subject to encum-
brances," may refer to encumbrances which are made in good
faith, and is based upon the doctrine announced in *Drury* v.
*Holden,* 121 Ill. 130, 13 N. E. 547, that a grantee in a deed
who purchases "subject to encumbrances to secure indebted-
ness" may not be under obligations to pay some of such in-
debtedness if the amount thereof is not included in and does
not form a part of the consideration of the conveyance. The
contention is not made in this case that the mortgage secures
a valid indebtedness, but that the effect of the assumption
clause is to estop the appellee from availing herself of a good
defense against a void mortgage on the ground that, having
assumed the payment of this mortgage, it would be incon-
sistent with equity and good conscience to permit her to set
up the defense to which she would otherwise be entitled.

We hold that the clause inserted in the deed from Watrous
being general in its nature, and not describing or referring
to this mortgage, only obligating the grantee to assume all
liens and encumbrances that stand against the property, may
be understood to refer to valid liens, and does not estop her
from defending against a void mortgage. We are strength-
ened in this view of the case by the fact that there were at the
time of the transfer valid mortgage and other liens standing
against the property, and the further fact that the presump-
tion that Goodwin intended to assume this mortgage, or re-
ceived from Watrous a consideration for such assumption, is
negatived by the facts pleaded in her verified answer, and
which we are warranted by the verdict of the jury and the
findings of the court in presuming were sustained by evidence.
The assumption clause in the Watrous deed under the facts
in this case does not constitute such a contract with Watrous

for Pinney's benefit as to make this an exception to the general rule that obtains in this jurisdiction that a mortgagee foreclosing against a subsequent grantee maintains his action on the doctrine of subrogation, as laid down in *Keller* v. *Ashford,* 133 U. S. 610, 10 Sup. Ct. 494, 33 L. Ed. 667; *Union Mutual* v. *Hanford,* 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118; *Johns* v. *Wilson,* 180 U. S. 440, 21 Sup. Ct. 445, 45 L. Ed. 613; Id., 6 Ariz. 125, 53 Pac. 583.

The judgment of the lower court is affirmed.

CAMPBELL, J.—When we considered this case at the last term I briefly expressed my views. Upon the more extended consideration which the case has received at this term, I find no reason to change my opinion as then expressed. I therefore concur in the conclusion arrived at by DOAN, J.

SLOAN, J.—I adhere to the views expressed by me in the opinion filed upon the former hearing, and therefore dissent.

The CHIEF JUSTICE, deeming himself disqualified, took no part in the determination of this case.

NOTE.—As to right of mortgagee to maintain personal action against grantee who has assumed payment, see note to Jefferson v. Asch (Minn.), 25 L. R. A. 275.